1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DANIEL ROBERT FRARY,                    )    No. C 14-2439 LHK (PR)
                                         )
            Plaintiff,                   )    ORDER DISMISSING CASE
                                         )    WITH LEAVE TO AMEND
   v.                                    )
                                         )
ALAMEDA COUNTY SHERIFF'S                 )
DEPARTMENT,                              )
                                         )
            Defendant.                   )
_____ )

        Plaintiff, a California state pretrial detainee proceeding *pro se*, filed a civil rights

complaint pursuant to 42 U.S.C. § 1983.  Plaintiff is granted leave to proceed in forma pauperis

in a separate order.  For the reasons stated below, the court dismisses the complaint with leave to

amend.

                                **DISCUSSION**

A.      Standard of Review

        A federal court must conduct a preliminary screening in any case in which a prisoner

seeks redress from a governmental entity or officer or employee of a governmental entity.  *See*

28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss

any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

seek monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1),

(2).  *Pro se* pleadings must, however, be liberally construed.  *See Balistreri v. Pacifica Police*

1  *Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

2         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

3  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

4  the alleged deprivation was committed by a person acting under the color of state law. *West v.*

5  *Atkins*, 487 U.S. 42, 48 (1988).

6  B.    Plaintiff's Claims

7         Plaintiff alleges that as he was lying on his stomach with his hands behind his back,

8  members of the Alameda County Sheriff's Department hit plaintiff multiple times in the head.

9  Then, they handcuffed plaintiff, and one of the officers kicked plaintiff in the ribs.  As a result,

10 plaintiff had to go to the infirmary.

11        The complaint has several deficiencies that require an amended complaint to be filed.

12 First, liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff

13 can show that the defendant's actions both actually and proximately caused the deprivation of a

14 federally protected right. *Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062,

15 1085 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  A defendant cannot be

16 held liable simply based on his membership in a group; rather, each individual defendant's

17 participation in unlawful conduct must be shown. *Chuman v. Wright*, 76 F.3d 292, 294-95 (9th

18 Cir. 1996) (holding jury instruction permitting jury to find individual liable as member of team,

19 without any showing of individual wrongdoing, is improper).  Either personal involvement or

20 integral participation of the officers in the alleged constitutional violation is required before

21 liability may be imposed; liability may not be imposed based solely on an officer's presence

22 during the incident. *See Hopkins v. Bonvicino*, 573 F.3d 752, 769-70 (9th Cir. 2009) (holding

23 that although "integral participant" rule may not be limited to officers who provide armed

24 backup, officer who waits in front yard and does not participate in search of residence not an

25 integral participant).  Plaintiff may not merely name the Sheriff's Department as defendants.

26 Plaintiff must name individual defendants and clearly state what each defendant did that made

27 him liable for violating plaintiff's constitutional rights.

28        In addition, plaintiff's claim against the Alameda County Sheriff's Department is

1  insufficient.  Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where

2  official policy or custom causes a constitutional tort, *see Monell v. Dep't of Social Servs.*, 436

3  U.S. 658, 690 (1978); however, a city or county may not be held vicariously liable for the

4  unconstitutional acts of its employees under the theory of respondeat superior, *see Board of Cty.*

5  *Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691.  To

6  impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must

7  show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived;

8  (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to

9  the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the

10  constitutional violation.  *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438

11  (9th Cir. 1997).  Here, it is not clear from plaintiff's complaint that the Alameda County

12  Sheriff's Department had any role other than employing the individual officers who hit and

13  kicked plaintiff.

14       Accordingly, the complaint is DISMISSED WITH LEAVE TO AMEND.  Plaintiff will

15  be provided with thirty days in which to amend to correct the deficiencies in his complaint if he

16  can do so in good faith.

17  **CONCLUSION**

18       For the foregoing reasons, the court hereby orders as follows:

19       1.    Plaintiff's complaint is DISMISSED with leave to amend.

20       2.    If plaintiff can cure the pleading deficiencies described above, he shall file an

21  AMENDED COMPLAINT within **thirty days** from the date this order is filed.  The amended

22  complaint must include the caption and civil case number used in this order (C 14-2439 LHK

23  (PR)) and the words AMENDED COMPLAINT on the first page.  Plaintiff may not incorporate

24  material from the prior complaint by reference.  **Failure to file an amended complaint within**

25  **thirty days and in accordance with this order will result in a finding that further leave to**

26  **amend would be futile and this action will be dismissed.**

27       3.    Plaintiff is advised that an amended complaint supersedes the original complaint.

28  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged

1   in the amended complaint."  *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

2   Defendants not named in an amended complaint are no longer defendants.  *See Ferdik v.*

3   *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

4          4.      It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

5   court informed of any change of address by filing a separate paper with the Clerk headed "Notice

6   of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to

7   do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule

8   of Civil Procedure 41(b).

9          IT IS SO ORDERED.

10  DATED: ____8/11/14____          _____

11                                                  LUCY H. KOH
                                                    United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28